# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROME WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-349 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| GRUNDFOS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for leave to file a first amended complaint [24]. Defendant opposes the motion, arguing that Plaintiff should not be allowed to amend the complaint because (1) Plaintiff filed his motion just before the fact discovery deadline, (2) Plaintiff had access to the information needed to amend the complaint long before he sought leave to amend, and (3) it would be inefficient and unduly prejudicial to allow Plaintiff to add new parties and new claims at this late stage [27].

For the reasons set forth below, with respect to Grundfos Americas Corporation, Plaintiff's motion [24] is granted. With respect to proposed Count III against Michael Livingston, and proposed Counts I and II against Grundfos Water Utility, Inc. and Yeoman's Chicago Corporation, Plaintiff's motion [24] is denied. The case is set for further status hearing on November 15, 2017 at 9:00 a.m.

**I.      Background**

Plaintiff filed this employment discrimination suit on January 11, 2016, bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Although Plaintiff's original complaint simply named "Grundfos"

as the Defendant, counsel appeared on behalf of "Defendant Grundfos Americas Corporation." [See 7.] Furthermore, it was Grundfos Americas Corporation that answered Plaintiff's original complaint. [See 9.] In a footnote on the front page of Defendant's answer, Defendant stated: "Plaintiff names 'Grundfos' as the defendant in this case, but it is not the correct defendant. This is an employment discrimination case, and Plaintiff at all relevant times worked for Yeomen's Chicago Corporation, which is a subsidiary of Grundfos Americas Corporation." [*Id*. at 1 n.1.]

On April 18, 2017, the Court ordered fact discovery to be completed by September 1, 2017 and ordered dispositive motions to be filed by October 16, 2017. [See 23.] On August 21, 2017, less than two weeks before the fact discovery deadline and less than two months before the dispositive motion deadline, Plaintiff filed the motion for leave to file a first amended complaint [24] that is now pending before the Court.

Plaintiff seeks leave to file an amended complaint adding Grundfos Water Utility, Inc., Yeoman's Chicago Corporation, and Grundfos Americas Corporation to Counts I and II of his complaint. In his reply brief [29, at 2], Plaintiff states that, "according to Illinois records," Grundfos Water Utility, Inc. formerly was Yeoman's Chicago Corporation. Plaintiff also seeks to add a count (Count III) for Intentional Infliction of Emotional Distress ("IIED") against Michael Livingston, whom Plaintiff identifies as his former supervisor. The parties have not moved to extend the September 1, 2017 fact discovery deadline. The Court deferred the dispositive motion deadline pending a ruling on this motion [30]. There currently is no trial date set in this matter.

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P.

15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002). Delay on its own is usually not reason enough for a court to deny a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992). But "'the longer the delay, the greater the presumption against granting leave to amend.'" *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988)). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined"; when it "fails to state a valid theory of liability"; or when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citations and internal quotation marks omitted).

### III. Analysis

#### A. Undue Delay and Prejudice

Defendant argues that Plaintiff's "eleventh-hour" request for leave to amend the complaint is unduly delayed and therefore should be denied. According to Defendant, Plaintiff had access to the information needed to amend the complaint long before he sought leave to amend and offers no justification for delaying until now to seek leave to amend the complaint. The Court agrees. Plaintiff seeks to add (1) Grundfos Water Utility, Inc., (2) Yeoman's Chicago Corporation, and (3) Grundfos Americas Corporation (collectively the "Corporate Entities") to Counts I and II of his lawsuit. Plaintiff also seeks to add a third count for IIED against Livingston.

With respect to the Corporate Entities, the Court recognizes that it is sometimes challenging for individual litigants to piece together the relationships between related corporate

entities. Plaintiff represents that it was not until Defendant tendered amended Rule 26(a)(1) disclosures that Plaintiff learned that Yeoman's Chicago Corporation, now Grundfos Water Utility, Inc., should be added as a party to this lawsuit. [29, at 2.] However, in March 2016, when Defendant answered the complaint [9] and filed its attorney appearance [7] and corporate disclosure statement [8], Defendant informed Plaintiff that he worked for Yeoman's Chicago Corporation, which was a subsidiary of Grundfos Americas Corporation, and that counsel represented the latter entity, which it believed to be the proper party defendant in this litigation. [9, at 1 n.1.] Given that multiple documents filed in this matter more than a year and a half ago indicate that the Corporate Entities should have been made party to this lawsuit, Plaintiff cannot justify failing to investigate the relationship between the named Defendant and the Corporate Entities at an earlier time.

Plaintiff also seeks to add a claim of IIED against Livingston based on derogatory and racist comments that he allegedly made to Plaintiff. But, again, Plaintiff offers no coherent explanation as to why he delayed until discovery was almost completed to seek leave to amend his complaint. Plaintiff claims that "it was not until Plaintiff conducted several depositions where these allegations were confirmed by witnesses" that "the outrageousness of Livingston's actions" became clear. [See 29, at 3.] Putting aside the irony of bringing a claim for IIED—which requires a showing of "extreme and outrageous conduct" (see, *e.g.*, *Wilson-Trattner v. Campbell*, 863 F.3d 589, 596 (7th Cir. 2017)—while simultaneously asserting that the seriousness of Livingston's statements did not become clear until years after the alleged conduct, it is clear that Plaintiff was aware of the factual basis of his IIED claim against Livingston at the time he filed his original complaint. Moreover, Plaintiff's claim against Livingston is based on statements that he allegedly made directly to Plaintiff. Indeed, the factual basis of Plaintiff's IIED claim is

4

discussed thoroughly in Plaintiff's original complaint. [See 1, at ¶ 17-27.] Plaintiff simply cannot explain why he waited until discovery was almost completed to add an IIED claim against Livingston.

Although delay alone is not justification enough to deny a motion for leave to amend, a motion for leave to amend should be denied when allowing the amendment would result in undue prejudice to the defendant. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); see also *Dubicz*, 377 F.3d at 792 ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." (citation omitted)); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (holding that district court did not abuse its discretion in denying the plaintiff's motion for leave to amend "late in the game" based on information that was "available long before he sought leave to amend"). "'[T]he longer the delay, the greater the presumption against granting leave to amend.'" *Soltys*, 520 F.3d at 743 (quoting *King,* 26 F.3d at 723); see also *Aleshire v. Harris, N.A.*, 586 F. App'x 668, 672 (7th Cir. 2013) (affirming denial of motion to amend complaint two years after Plaintiff filed her original complaint where the facts underlying the proposed new claims were known at the time the original complaint was filed and defendant had already borne the burden of filing three motions to dismiss); cf. *Dubicz.*, 377 F.3d at 792-93 (district court abused its discretion by denying, on grounds of undue delay and prejudice, leave to file second amended complaint eight months after original complaint was dismissed without prejudice, where plaintiffs were still within statute of limitations for bringing action, case had never progressed beyond pleading stage, and reasons given for finding of prejudice, *i.e.* witnesses' fading memories and lost documents, were perfunctory). "Undue delay is most likely to result in undue prejudice" when a combination of

factors—"delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery—occur together." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010). The party seeking to amend has the burden of showing that undue prejudice will not result to the non-moving party. *King,* 26 F.3d at 724.

Exercising the considerable discretion conferred under the standards articulated above, the Court concludes that Defendant would not be unduly prejudiced by adding Grundfos Americas Corporation as a Defendant. As noted above, in her initial appearance [7], defense counsel identified Grundfos Americas Corporation as her client and the proper party defendant in this litigation, and counsel has been participating in the case on that basis from its inception. In addition, the Court is not aware of any additional discovery that would be necessary as a result of simply correcting the name of the entity named as the Defendant in the lawsuit.

The same cannot be said, however, with respect to Livingston and the proposed new corporate defendants, Grundfos Water Utility, Inc. and Yeoman's Chicago Corporation. Plaintiff has not shown or even argued that it would be unnecessary to conduct additional discovery if the Court allows Plaintiff to add these parties. Instead, Plaintiff asserts—without any supporting documents—that Plaintiff was already discussing the possibility of a 60-day extension of the discovery deadline with Defendant. [29, at 2-3.] However, even if the parties did move to extend the discovery deadline for a limited period, the case would be delayed for more than 60 days to allow the new parties to respond to the amended complaint and determine how much of their own discovery to conduct. Furthermore, the additional parties would likely want to depose Plaintiff and possibly other individuals, resulting in duplicative discovery costs for Defendant. This is especially true with respect to the IIED claim that Plaintiff seeks to bring against

6

Livingston, as this claim is based on a different legal theory than the claims raised in the complaint. Even though there is no trial date set and the Court deferred the dispositive motion deadline, adding new parties and a new claim to the lawsuit at this point in time would substantially delay the case and unduly prejudice Defendant. *Deschauer v. Talbett*, 2010 WL 3019970, at *4 (N.D. Ill. July 29, 2010) ("Because the Seventh Circuit has determined that addition of a defendant so close to the close of discovery causes undue prejudice to a defendant, Plaintiff's motion for leave to amend to add a party defendant is denied in this regard." (discussing *Hukic*, 588 F.3d at 425)). Given Plaintiff's delay in seeking to amend the complaint, the Court denies Plaintiff's motion to add Grundfos Water Utility, Inc. and Yeoman's Chicago Corporation as defendants to Counts I and II. The Court also denies Plaintiff's motion to bring an entirely new claim against Livingston.

### B. Futility

Based on the allegations in Plaintiff's proposed amended complaint, Defendant raises an additional reason—futility—for denying leave to bring Title VII and ADEA claims against the proposed new Corporate Entities. In order to bring a claim under Title VII, a plaintiff must first file an administrative charge against the defendant with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e–5(e)(1). This requirement also applies to actions brought under the ADEA. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979). "The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Schnellbaecher, et al. v. Baskin Clothing Co., et al.*, 887 F.2d 124, 126 (7th Cir. 1989). "The general rule is that a party not named in an EEOC charge may not be sued under

7

Title VII." *Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1071 (N.D. Ill. 1999) (citing *Schnellbaecher*, 887 F.2d at 126). However, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981).[1]

Here, the parties have not adequately briefed the question of whether an EEOC charge naming a corporate entity encompasses that entity's parents, subsidiaries, or other related corporate entities. Nor has Plaintiff alleged, or have the parties addressed, whether Grundfos Americas Corporation had notice of Plaintiff's EEOC charge and thus an opportunity to participate in the EEOC process. Accordingly, although the Court will allow Plaintiff to add Counts I and II against new Defendant Grundfos Americas Corporation, Defendant will be permitted to move to dismiss those claims on futility grounds if it believes that it has a good faith basis in law for advancing such an argument on the basis of the omission of that entity from Plaintiff's EEOC charge. See *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (dismissing complaint where plaintiff did not "allege[ ] any facts which warrant an exception to the general rule that a party not named in the EEOC charge cannot be sued under Title VII" (citations omitted)).

## V. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file a first amended complaint at law [24] with respect to Grundfos Americas Corporation, but denies the

---

[1] In *Wilke*, Judge Castillo also observed that the general rule "is subject to exceptions designed to avoid unduly harsh results when, as here, a layperson prepares the charge." 36 F. Supp. 2d at 1071. Here, there is no allegation that Plaintiff was unrepresented in his EEOC proceedings, and the EEOC charge attached to his original complaint is addressed to Plaintiff in care of one of the lawyers of record in this case [see 1-1, at 2].

8

motion in all other respects, including as to the proposed claims against Michael Livingston, Grundfos Water Utility, Inc., and Yeoman's Chicago Corporation.

Dated: November 2, 2017

_____
Robert M. Dow, Jr.
United States District Judge